### In re WILLIAM R.
### No. 90–458–Appeal.

Supreme Court of Rhode Island.

Feb. 21, 1991.

James E. O'Neil, Atty. Gen., and Jeffrey Greer and Daniel V. Ballirano, Asst. Attys.. Gen., for plaintiff.

Richard Casparian, Public Defender, and Catherine Gibran and Barbara Hurst, Asst. Public Defenders, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court on February 4, 1991, pursuant to an order directing the respondent to appear and show cause why his appeal should not be denied and dismissed. The respondent appeals from a Family Court judgment of delinquency on four charges arising out of a single-car accident involving a stolen car driven by the respondent. One passenger was killed, and two others were seriously injured.

▪ The respondent argues that the trial justice erred in refusing to allow respondent's counsel to testify. We find no such error. The respondent sought to have his attorney testify in order to rebut an inference of recent fabrication, but the trial justice found that there was no recent fabrication. Therefore, it was unnecessary to have respondent's attorney testify.

▪ The trial justice likewise did not err in refusing to qualify Sergeant Woodruff as an expert in accident reconstruction. Although Sergeant Woodruff was so qualified at the probable-cause hearing, the rules of evidence are more stringently applied at trial. Furthermore, no objection was made to his qualification at the prior hearing. A trial justice has discretion to determine the qualifications of an expert witness, and we shall review the exercise of that discretion only for abuse. *State v. Fogarty*, 433 A.2d 972, 978 (R.I.1981).

▪ The respondent also claims that the trial justice erred in denying his motion for judgment of acquittal. In order to defeat such a motion, the state may establish guilt beyond a reasonable doubt by the totality of the circumstantial evidence. *State v. Grundy*, 582 A.2d 1166, 1170 (R.I.

**542**

1990). It is undisputed that the respondent was speeding, that he had no driver's license, and that he was an inexperienced driver. Furthermore, the respondent knew that the car he was driving was a stolen one. Taking all these circumstances together, we find that the respondent's conduct created an unreasonable risk of harm to others, demonstrating a "heedless indifference to the consequences of his action." *State v. Watkins*, 448 A.2d 1260, 1267 (R.I. 1982). This standard satisfies a conviction under the reckless-driving statutes.

After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we opine that the respondent's arguments are without merit. Therefore, the respondent's appeal is denied and dismissed, and the judgment of the Family Court is affirmed.